UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ANDRE DERRELL LEE**<br>D.O.C. #325813 | : | CIVIL ACTION NO. 5:17-cv-1093<br>SECTION P |
| **VERSUS** | : | JUDGE ELIZABETH E. FOOTE |
| **MAURICE HICKS** | : | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of mandamus filed by petitioner Andre Derrell Lee ("Lee"). Lee is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at David Wade Correctional Center in Homer, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
### BACKGROUND

On April 20, 2017, Lee filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Lee v. Goodwin*, 5:17-cv-554 (W.D. La.) (doc. 1). Therein, the court issued an amend order on May 20, 2017 (*Id.* at doc. 2) which Lee responded to on July 19, 2017 (*Id.* at doc. 4). Thereafter, on or about August 29, 2017, Lee filed a petition for writ of mandamus in the United States Court of Appeals for the Fifth Circuit (*Id.* at doc. 7), seeking to have United States District Judge S. Maurice Hicks, Jr., rule on his pending habeas corpus petition. On October 10, 2017, the Fifth Circuit dismissed the mandamus action for want of prosecution (*Id.* at doc. 8).

Prior to the Fifth Circuit's October 10, 2017 mandamus denial, Lee filed the present action seeking to have this court order Judge S. Maurice Hicks, Jr., the District Judge presiding over his federal habeas action, to "grant the writ or issue order to show cause why the writ should not be granted." Doc. 1, p. 2.

## II.
### LAW AND ANALYSIS

Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which "vests district courts with original jurisdiction over 'any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992), citing 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961–62 (5th Cir. 1980) (internal citations and quotations omitted). Mandamus relief may only be granted when the petitioner is able to establish that: 1) he is clearly entitled to the relief requested; 2) the respondent has a clear duty to act, and; 3) no other adequate remedy is available. *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938–39 (5th Cir.1992).

As previously stated, Lee seeks to have District Judge Foote compel District Judge Hicks to take certain actions on the earlier filed federal habeas case. However, no district judge has the power of appellate review over the other judges of this court. *See In re McBryde,* 117 F.3d 208, 223, 225-26 (5th Cir.1997) ("a district judge lacks the power of appellate review over his fellow district court judges"). Additionally, "the structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction." *Id.* at 225 n. 11 (citation omitted).

## III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for mandamus filed pursuant to 28 U.S.C. § 1361 be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED this 5th day of December, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**